FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUN 12  AM 9: 38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RUFUS CRAYTON, JR. AND   CIVIL ACTION
MARGARET CRAYTON

VERSUS   NO. 06-7279

AMADEO ROSSI, S.A.   SECTION "N" (2)

## ORDER AND REASONS

Before the Court is the Motion to Dismiss for Insufficiency of Service of Process (Rec. Doc. No. 25) and the Motion to Stay Case Pending Determination of Enforcement Action in Brazil (Rec. Doc. No. 27) filed by Defendant, Amadeo Rossi, S.A. For the reasons stated herein, both motions are **DENIED**.

### I. BACKGROUND

On August 28, 2006, Plaintiffs, Rufus and Margaret Crayton, filed suit in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, naming as defendants BrazTech International, L.C. ("BrazTech"), Otasco, Inc., and Amadeo Rossi, S.A. ("Rossi"), a firearm manufacturing company located in Brazil. Crayton seeks to recover damages resulting from injuries he sustained when a Rossi shotgun discharged. On October 4, 2006, BrazTech removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

On November 7, 2006, BrazTech filed a Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. No. 4), which Crayton opposed. On November 9, 2006, Crayton filed a Motion for Extension of Time for Service of Process on Rossi (Rec. Doc. No. 16), which BrazTech opposed. In his motion, Crayton represented that he had retained Process Forwarding International to effect

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

service on Rossi through letters rogatory and to translate the pleadings from English to Portuguese. Crayton also stated in his motion that service through letters rogatory in Brazil could potentially take a year. On November 17, 2006, BrazTech filed a Motion to Dismiss for Failure to State a Claim (Rec. Doc. No. 7), which Crayton opposed. The motions were heard in open court on February 28, 2007. After hearing oral argument, the Court granted BrazTech's Motion to Dismiss for Failure to State a Claim, which rendered moot BrazTech's Motion to Dismiss for Lack of Personal Jurisdiction. The Court granted Crayton's Motion for Extension of Time for Service of Process, giving Crayton until May 31, 2007 to serve process on Rossi.[1] Rossi was served through letters rogatory under the Inter-American Convention in Brazil on or about February 26, 2007, well within the additional time granted by the Court.

## II. ANALYSIS

### A. Motion to Dismiss for Insufficiency of Service of Process

Rossi claims that this action should be dismissed because Crayton failed to show good cause for his failure to effect service on Rossi within 120 days. Moreover, Rossi argues that this Court erred when it granted Crayton additional time to serve Rossi. Specifically, the alleged errors committed by the Court were that the "extension was granted prior to Rossi being heard on that issue" and "more importantly, that motion did not address the fact of 'good cause' within the Court's discretion to grant such an extension." (Rec. Doc. No. 25-3 at pp. 4-5).

Rule 4(m) of the Federal Rules of Civil Procedure establishes the time limit for service of process. It provides:

---

[1] The Court further ordered that if additional time beyond May 31, 2007 was necessary, Crayton was to file another motion for extension, setting forth the efforts that had been made to effect service on Rossi.

2

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4(m) requires a district court to extend the 120-day time period for service if the plaintiff shows good cause[2] for his delay. Rule 4(m) does not, however, require the plaintiff to show good cause before the Court *may* grant an extension of time. The Rule expressly provides that if service is not made on a defendant within 120 days, the Court may "direct that service be effected within a specified time." The Fifth Circuit has explained that even if good cause is not shown, the district court may exercise its discretion to extend the time for effecting service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Attached to Crayton's opposition to the Motion to Dismiss are several exhibits that, when taken as a whole, weigh heavily in favor of a finding of good cause. For instance, the affidavit of Rick Hamilton and the email from Reid McNair both indicate that Process Forwarding International informed Crayton's counsel that service in Brazil could take a year or longer. (Rec. Doc. Nos. 30-9 & 30-10). Additionally, several of the attached exhibits illustrate the efforts Crayton made to serve Rossi since the time the lawsuit was first filed. Crayton, in an effort to establish good cause, should have included these documents as exhibits to his Motion for Extension. Nevertheless, even absent an express finding of good cause, the Court properly exercised its discretion when it granted Crayton additional time to serve Rossi. *Thompson*, 91 F.2d at 21. "The Federal Rules . . . convey a clear

---

[2] Good cause normally requires some evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995).

3

message: Complaints are not to be dismissed if served within 120 days or within such additional time as the court may allow." *Henderson v. United States*, 517 U.S. 654, 663 (1996). Since Crayton served Rossi within the time period expressly allowed by the Court, Rule 4(m) was not violated and Rossi's Rule 12(b)(5) motion is without merit.[3]

### B. Motion to Stay Case Pending Determination of Enforcement Action in Brazil

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Management of the Court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Absent statutory authorization, the moving party bears a heavy burden to show why a stay should be granted. *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 203 n. 6 (5th Cir. 1985). A stay may be granted to avoid hardship or inequity, but courts should "prevent the ossification of rights which attends inordinate delay." *Itel Corporation v. M/S. Victoria U*, 710 F.2d 199, 203 (5th Cir. 1983).

According to Rossi, there is currently "an action in Brazil testing the sufficiency of service in Brazil." Beyond this cryptic description, Rossi has furnished no details about this "action in Brazil," nor has it submitted any documentation to the Court, such a copy of the pleadings, indicating that such an action exists.[4] Moreover, Crayton asserts in his opposition to the Motion to Stay that

---

[3] Although such a finding is not necessary in light of the Court's discretion to grant a party additional time to effect service, the Court points out that the exhibits attached to Crayton's opposition to the Motion to Dismiss (Rec. Doc. Nos. 30-2 – 30-13) demonstrate that Crayton has in fact satisfied the good cause requirement. As explained in *Thompson*, 91 F.3d at 21, "[i]f good cause is present, the district court *must* extend time for service."

[4] The sole exhibit attached to Rossi's motion is an affidavit of Luciano Rossi, executive director of Amadeo Rossi, S.A., which states that "Rossi is contesting the enforceability of the lawsuit . . . through a proceeding in Brazil." (Rec. Doc. No. 27-3, Ex. A at ¶ 5). No identifying information, such as a case number or even the name of the tribunal, is given.

4

he has not been made aware of any such proceedings. "The party seeking a stay bears the burden of justifying a delay tagged to another legal proceeding." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). In this case, the movant has been unable to satisfy its burden of demonstrating that another legal proceeding even exists, much less that it justifies a stay of the instant proceedings.

Additionally, "before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,'" in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'" *Wedgeworth*, 706 F.2d at 545 (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). Because the record is void of any indication that there even exists such an action, the court finds *a fortiori* that the movant has made no showing that the "proceedings in Brazil contesting the validity of process and service" are likely to conclude in the foreseeable future.

Rossi contends that "[a] favorable outcome in that case would render any proceedings in this action moot, because Rossi has no assets outside of Brazil and no court in Brazil would be able to enforce any judgment that Crayton could receive in America." (Rec. Doc. No. 27-2 at 2). In spite of this assertion, the movant cites no authority supporting a stay in this context. Accordingly, on the showing made, the Court is unable to conclude that the present circumstances warrant a stay of these proceedings.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that the Rossi's Motion to Dismiss for Insufficiency of Service of Process (Rec. Doc. No. 25) is **DENIED. IT IS FURTHER ORDERED** that Rossi's Motion to Stay Case Pending Determination of Enforcement Action in Brazil (Rec. Doc. No. 27) is

**DENIED.**

New Orleans, Louisiana, this 9th day of <u>June</u>, 2007.

                                        _____
                                                 **KURT D. ENGELHARDT**
                                                 **United States District Judge**